## Commonwealth v. One Willys-Knight Roadster Automobile.

*Liquor law—Prohibition enforcement — Seizure of vehicle — Bailment—Rights of bailor—Act of March 27, 1923.*

Where a contract of bailment of an automobile provides for forfeiture in case of non-payment of instalments or use of vehicle in violation of the liquor laws, and the automobile is seized for unlawful use in transporting liquor before any default in instalments, the bailor is not entitled to a return of the car under section 11 (D) (vi) of the Act of March 27, 1923, P. L. 34, but only to his rights as bailor under section 11 (B) (iii) of the act.

Petition for rule to show cause why an automobile should not be turned over to petitioner. Q. S. Beaver Co., June Sess., 1924, No. 16.

J. Blaine McGown, District Attorney, for Commonwealth.

W. S. Moore and W. S. Moore, Jr., for petitioning claimant.

READER, J., Aug. 8, 1924.—On May 23, 1924, one Treza (or Trive) Dodosovich (or Dadasovich) was arrested in the Borough of New Brighton, in the County of Beaver, for the illegal transportation of intoxicating liquor. At the same time, the vehicle in his possession, and in which he was transporting such liquor, i. e., one Willys-Knight roadster, engine No. 89015, bearing Pennsylvania license No. 485-473, was seized by the arresting officer. Said automobile was subsequently turned over to the county detective. Said Treza Dodosovich was indicted at No. 31, June Sessions, 1924, in this court, for violation of the Act of March 27, 1923, P. L. 34, and on June 19, 1924, entered a plea of guilty.

On July 17, 1924, the District Attorney of Beaver County filed a petition of Daniel M. Baker, County Detective, setting forth the fact above stated as to the arrest of said Dodosovich and the seizure of said automobile, and praying that the said automobile be adjudged forfeited and condemned to the Commonwealth and directed to be sold according to law. This petition was duly served upon the said Dodosovich.

On July 21, 1924, the Commercial Investment Trust, Incorporated, of New York City, presented its petition, setting forth that on Feb. 27, 1924, the Sahli-Lambert Motor Company, of the Borough of Beaver Falls, Pennsylvania, leased the said above-mentioned automobile upon a bailment contract

to the said Trive Dadasovich, and that on Feb. 27, 1924, the said Salhi-Lambert Motor Company assigned said bailment lease, all moneys due thereon and all right, title and interest in and to the property therein described to said petitioner, the Commercial Investment Trust, Inc. It is further averred in the petition of said Commercial Investment Trust, Inc., that the payments upon said bailment lease which fell due on May 27, 1924, and June 27, 1924, are past due and unpaid, and that there remains unpaid in rentals upon the machine the total sum of $762.70. It is averred that under the provisions of said bailment this default entitles the petitioner to possession of said automobile. The said bailment is attached to said petition as an exhibit.. In addition to the provision in said bailment as to the right of the bailor and its assignee to take possession of said automobile upon default in payment, there is a further provision entitling the bailor to take possession of the machine "should said chattel be used for the bartering, storage or transportation of intoxicating liquor contrary to the provisions of the so-called Volstead Act, or any provision or amendment thereof, or contrary to any other statute or ordinance respecting intoxicating liquors." Upon the presenting of the petition of Commercial Investment Trust, Inc., a rule was granted on the district attorney to show cause why the prayer thereof should not be granted. It was suggested at the time, however, to counsel for petitioner that, in the opinion of the court, it would be better practice to file an answer to the petition previously presented by the district attorney. On July 25, 1924, an answer of the Commercial Investment Trust, Inc., to the petition filed by the district attorney on behalf of Daniel M. Baker, County Detective, was filed. This answer referred to and made a part of itself the petition previously filed on July 21, 1924, by the Commercial Investment Trust, Inc.

Upon the argument made before the court, both petitions and the answer of said Commercial Investment Trust, Inc., were considered and were treated as constituting but one proceeding. No evidence was taken at the hearing, but it was agreed by counsel for the Commonwealth and counsel for the Commercial Investment Trust, Inc., that the facts set forth in the two petitions and the answer are true.

It is the contention of the Commonwealth that it is entitled to have the seized automobile condemned and sold under the provisions of section 11 of the said Act of March 27, 1923, P. L. 34. It is further contended by the Commonwealth that the rights of the Commercial Investment Trust, Inc., are simply those of a bailor as defined in said section 11 (B)) (III). Under this provision, the procedure would be to make sale of the automobile, and the right of the bailor would be to receive the proceeds of sale after payment of costs to the extent of the sum due it upon the bailment contract.

On the other hand, it is the contention of the Commercial Investment Trust, Inc., that it is entitled to have the automobile returned to it under the provisions of section 11 (D) (VI). The last cited provision of the act confers upon one showing himself to be the lawful owner of said machine, or having the right of possession thereof, upon showing such title or right, and also showing that the unlawful use of the automobile was made without his knowledge or consent, to have the same returned to him. As above stated, it was conceded that the claimant was not a party to and had no knowledge of the unlawful use of the automobile in question in the transportation of liquor.

We are strongly inclined to the opinion that until a bailor, entitled to repossession of the bailed property on the ground of any breach of a covenant or covenants of the contract of bailment, has actually exercised his right, or has at least made an assertion of his right and attempted to recover possession of

the machine, he cannot claim the benefit of the provisions of section 11 *(D)* (VI) of the act, but is entitled only to the protection given to him as bailor under section 11 *(B)* (III) of the act. For the reasons hereinafter stated, however, we do not decide this question, and base our determination of the questions involved upon other grounds.

We first consider the right asserted by the claimant to the possession of the automobile by reason of the default in making the payments of May 27th and June 27th, according to the terms of the bailment. It will be observed that the first of these two payments as to which default is alleged fell due on May 27, 1924. The automobile, however, was seized because of its unlawful use in the transportation of liquor on May 23, 1924. The alleged default in payment of the two instalments being subsequent to the date of the seizure of the automobile would not vest in the claimant a right of possession under the act which would be effectual to defeat the seizure.

We are also of the opinion that the provision of the bailment conferring upon the bailor the right to resume possession on the ground of the use of the automobile in the illegal transportation of liquor cannot have the effect of conferring upon the claimant a right of possession which would enable it to claim the return of the automobile to it. The same illegal act of transportation of intoxicating liquor which the claimant contends gave to it the right of possession gave rise to the right of the Commonwealth to seize, forfeit and condemn the automobile. We think there can be no question that the right of the Commonwealth under the statute is superior to the right of the bailor as a party to the contract of bailment. To permit the bailor to assert a right of possession thus arising so as to take from the Commonwealth the possession of the seized automobile would be to defeat the provisions of the act of assembly relating to the seizure of vehicles thus used in the violation of the laws. One of the most common and flagrant forms in which the violation of the liquor law manifests itself is that of the transportation of intoxicating liquor, and one of the most common instrumentalities used in the violation of that law is the vehicle by which the transportation is effected. It would certainly be against public policy to give such an interpretation to a breach of a covenant in a contract of bailment as would exempt the vehicle which is the subject of the bailment from seizure when used in violation of the liquor law.

For these reasons, we think that the claimant has not shown such a right of possession as would, in any event, bring it within the provisions of section 11 *(D)* (VI). We are of the opinion that the only rights of the claimant in this case are those which are conferred upon it by section 11 *(B)* (III) of the act, and to these rights it is remitted.

*Order.*

Now, to wit, Aug. 8, 1924, it is ordered that the property referred to in the petition in the above entitled case, being an automobile designated as Willys-Knight roadster, engine No. 89015, bearing Pennsylvania license No. 485-473, seized May 23, 1924, in the possession of Treza (or Trive) Dodosovich (or Dadasovich), be and the same hereby is adjudged forfeited to the Commonwealth of Pennsylvania and condemned; and it is further ordered and decreed that the said automobile be sold by the Sheriff of Beaver County at public sale in accordance with the provisions of the Act of March 27, 1923, P. L. 34; it is further ordered that the proceeds of the sale thereof, after payment of costs, be paid by said sheriff to the Commercial Investment Trust, Inc., to the extent of the rentals due to said Commercial Investment Trust Inc., upon the contract of bailment of said automobile, not exceeding the sum of $762.70;

it is further ordered and decreed that the license issued by the State Highway Department of Pennsylvania for said automobile so forfeited and condemned, and to the said Treza Dodosovich for said automobile, be forfeited and revoked.